IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BOBBY KING, IDOC # B86355,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 11-130-GPM |
| | ) |
| **C/O LIENEMANN, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Bobby King, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is serving a sentence of ten years' imprisonment at the Shawnee Correctional Center for armed robbery and possession of a firearm by a felon, brings this action pro se pursuant to 42 U.S.C. § 1983 for an alleged violation of his constitutional rights by persons acting under color of state law. King's complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Though the Court is obligated to accept factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Also, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. However, the factual allegations of a pro se complaint are to be liberally construed. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

According to the allegations of King's pro se complaint and its supporting documentation, on November 5, 2010, while King was incarcerated at the Graham Correctional Center ("Graham"), King was told by a prison guard in King's housing unit to report to the clothing room at Graham so that King could exchange his old prison uniform for a new one. King duly reported to the clothing room, exchanged his old uniform for a new one, and set out to return to his housing unit. While King was making his way back to his housing unit, he was told by another prison guard to return to the prison clothing room and exchange his new pair of uniform pants for a smaller pair. It appears that there was some back-and-forth between King and the guard, whereupon the guard gave King a direct order to return to the clothing room. When King reached the clothing room, the prison guard on duty there, Defendant C/O Lienemann, is alleged by King to have pulled down King's pants and underwear without warning in the presence of other prisoners. When asked by King why he did this, Lienemann told King that he, Lienemann, "was making a point." Doc. 1 at 5.

King alleges that he has been severely humiliated by this incident and seeks compensatory and punitive damages in an unspecified amount for the "emotional trauma" he has suffered. *Id*. at 6. Named as Defendants in the case in addition to Lienemann are Andy K. Ott, the warden of Graham, Lt. Thompson, an officer in the internal affairs unit at Graham, and Michael P. Randle, the former director of the IDOC.

As an initial matter, the Court notes that this case appears, on the face of King's complaint, to be barred by 42 U.S.C. § 1997e, which, provides, in pertinent part, that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). *See also Cassidy v. Indiana Dep't of Corr*., 199 F.3d 374, 376-77 (7th Cir. 2000) (holding that, where a prisoner asserted no physical injury, "[a] plain reading of § 1997e(e) tells us that Cassidy's claims for damages for mental and emotional injuries, contained in paragraph one of his 'Report of Specific Forms of Relief Sought,' must be barred, though Cassidy may nonetheless pursue all of his other claims for damages."); *Zehner v. Trigg*, 133 F.3d 459, 460-61 (7th Cir. 1997) (state prisoners who allegedly were exposed to asbestos while working in a prison kitchen could not recover damages for mental and emotional injuries they claimed to have suffered as result of the exposure, as they did not allege any physical injury). Here, because King asserts no physical injury, it is improper for King to pursue damages for mental or emotional distress caused by his alleged encounter with Lienemann on November 5, 2010. However, King appears to allege an injury to an unspecified constitutional right, and therefore King may seek damages for the claimed constitutional deprivation. *See Calhoun v. DeTella*, 319 F.3d 936, 940-43 (7th Cir. 2003) (although a prisoner may not seek damages for mental or emotional injury absent physical injury, a prisoner may seek nominal

and punitive damages for a violation of a constitutional right); *Robinson v. Page*, 170 F.3d 747, 748 (7th Cir. 1999) ("Section 1997e(e), as its wording makes clear, is applicable only to claims for mental and emotional injury. It has no application to a claim involving another type of injury.").

The Court turns to an analysis of the legal sufficiency of the allegations of King's complaint. With respect to King's claims against Ott, Thompson, and Randle, King's complaint is devoid of allegations showing that Ott, Thompson, and Randle were personally involved in a deprivation of King's constitutional rights, and Ott and Randle clearly have been sued purely by virtue of the positions they hold or have held in the IDOC. However, 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)). *See also Burks v. Raemisch*, 555 F.3d 592, 593, 596 (7th Cir. 2009) (citing *Monell v. Department of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978)) (stating that "Section 1983 does not establish a system of vicarious responsibility" and thus "public employees are responsible for their own misdeeds but not for anyone else's."); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001)) ("The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'"); *Willis v. Hulick*, Civil No. 09-cv-447-JPG, 2010 WL 358836, at *2 (S.D. Ill. Jan. 25, 2010) (citing *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003)) (a Section 1983 plaintiff must make allegations that "associate specific defendants with specific claims . . . so [the] defendants are put

on notice of the claims brought against them and so they can properly answer the complaint."); *Allen v. Feinerman*, Civil No. 07-cv-805-MJR, 2009 WL 90118, at *2 (S.D. Ill. Jan. 14, 2009) (quoting *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998)) (a Section 1983 plaintiff "cannot state a claim against a defendant [merely] by including the defendant's name in the caption" of a complaint). King's claims against Ott, Thompson, and Randle are legally insufficient and will be dismissed.

The Court turns next to King's claim against Lienemann. It is well settled that "[p]rison walls do not form a barrier separating prison inmates from the protections of the Constitution." *Turner v. Safley*, 482 U.S. 78, 84 (1987). Among the constitutional rights that convicted prisoners retain are those protected under the rubric of substantive due process. The Fourteenth Amendment prohibits a state from "depriv[ing] any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. 14, § 1. As the Supreme Court of the United States has explained, "apart from the protection against cruel and unusual punishment provided by the Eighth Amendment, the Due Process Clause of its own force requires that conditions of confinement satisfy certain minimal standards for pretrial detainees, for persons in mental institutions, for convicted felons, and for persons under arrest[.]" *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 127 (1992) (citations omitted). "The 'process' that the Constitution guarantees in connection with any deprivation of liberty thus includes a continuing obligation to satisfy certain minimal custodial standards." *Id*. at 127-28. "In the substantive due process analysis, it is the State's affirmative act of restraining the individual's freedom to act on his own behalf – through incarceration, institutionalization, or other similar restraint of personal liberty – which is the 'deprivation of liberty' triggering the protections of the Due Process Clause[.]" *DeShaney v.*

*Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989). "Of course, the protections of the Due Process Clause, both substantive and procedural, may be triggered when the State, by the affirmative acts of its agents, subjects an involuntarily confined individual to deprivations of liberty which are not among those generally authorized by his confinement." *Id*. at 200 n.8. *See also Davidson v. Cannon*, 474 U.S. 344, 348 (1986) (noting that "the protections of the Due Process Clause, whether procedural or substantive," may be "triggered" by "an unjustified attack by prison guards" on a prisoner in their custody).

Substantive due process under the Fourteenth Amendment encompasses a liberty interest in bodily integrity. *See Albright v. Oliver*, 510 U.S. 266, 272 (1994) (citing *Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833, 847-49 (1992)) ("The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity."); *Wudtke v. Davel*, 128 F.3d 1057, 1062 (7th Cir. 1997) ("[A] liberty claim of a right to bodily integrity is . . . the type of claim that has often been recognized as within substantive due process[.]"). A plaintiff may invoke 42 U.S.C. § 1983 regardless of whether a state tort remedy might be available to the plaintiff. "[O]verlapping state remedies are generally irrelevant to the question of the existence of a cause of action under § 1983. A plaintiff, for example, may bring a § 1983 action for an unlawful search and seizure despite the fact that the search and seizure violated the State's Constitution or statutes, and despite the fact that there are common-law remedies for trespass and conversion." *Zinermon v. Burch*, 494 U.S. 113, 124-25 (1990). However, "[t]his does not mean, of course, that all state torts can be transformed into § 1983 claims; the Supreme Court has repeatedly held that the opposite is true." *Wudtke*, 128 F.3d at 1062 (citing *Collins*, 503 U.S. at 128). *See also Baker v. McCollan*, 443 U.S. 137, 145 (1979)

("[A plaintiff's] innocence of the charge contained in the warrant, while relevant to a tort claim of false imprisonment in most if not all jurisdictions, is largely irrelevant to his claim of deprivation of liberty without due process of law. The Constitution does not guarantee that only the guilty will be arrested.") (footnote omitted); *Monroe v. Pape*, 365 U.S. 167, 196 (1961) (Harlan, J., concurring) ("[A] deprivation of a constitutional right is significantly different from and more serious than a violation of a state right and therefore deserves a different remedy even though the same act may constitute both a state tort and the deprivation of a constitutional right."); *Abeyta v. Chama Valley Indep. Sch. Dist., No. 19*, 77 F.3d 1253, 1257 (10th Cir. 1996) ("A substantive due process violation must be something more than an ordinary tort to be actionable under § 1983."). Accordingly, the United States Court of Appeals for the Seventh Circuit has held that the substantive due process right of bodily integrity can be infringed only by "a serious, as distinct from a nominal or trivial, battery. The qualification is important. Because any offensive touching (unless consented to, which removes the offense) is a battery, most batteries are too trivial to amount to deprivations of liberty." *Alexander v. DeAngelo*, 329 F.3d 912, 916 (7th Cir. 2003) (citations omitted). *Accord Hawkins v. Holloway*, 316 F.3d 777, 785 (8th Cir. 2003) (quoting *Moran v. Clarke*, 296 F.3d 638, 647 (8th Cir. 2002)) ("Not every inappropriate or unwanted touching by a public official . . . can amount to the 'brutal and inhumane abuse of official power' necessary to demonstrate a violation of an individual's bodily integrity sufficient to support a constitutional violation."). Also, to state a claim for a violation of substantive due process, a plaintiff must allege conduct that shocks the conscience. *See County of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998) (citing *Rochin v. California*, 342 U.S. 165, 172-73 (1952)); *Christensen v. Boone County, Ill.*, 483 F.3d 454, 462 & n.2 (7th Cir. 2007).

In evaluating the sufficiency of King's allegations of a violation of his substantive due process rights for purposes of stating a claim for relief under 42 U.S.C. § 1983, the Court has surveyed pertinent case law throughout this Circuit. Typically, cases found to shock the judicial conscience deal with repeated misconduct by a state actor over time that involves the exercise of force and reaches, or closely approaches, the level of rape. *See, e.g., Wudtke*, 128 F.3d at 1059, 1063-64 (reversing the dismissal of a Section 1983 claim brought by a school teacher who claimed that, on various occasions, a school superintendent proposed a physical relationship with her and forcibly touched her breasts, kissed her, compelled her to perform oral sex with the result that she vomited, and subsequently solicited her to engage in oral sex, coercing her with threats to prevent her husband, also a teacher, from finding employment in the same school district and to deny renewal of her provisional special education license); *Alexander*, 329 F.3d at 916-17 (reversing the dismissal of a Section 1983 claim brought by a woman who assisted in a police sting operation by posing as a prostitute, and who was induced by police to perform oral sex on a police officer by threats that, if she refused, the police would "put her away" for a term of forty years' imprisonment on a cocaine offense for which she was under investigation). By contrast, a single episode of harassment that amounts at most to a common-law battery does not rise to the level of a substantive due process violation. *See, e.g., Twyman v. Burton*, Case No. 1:10-cv-0601-TWP-TAB, 2010 WL 4978904, at **1-2, **4-5 (S.D. Ind. Dec. 2, 2010) (a police detective's conduct in putting a sex toy on the front seat of a female confidential informant's car where she was likely to sit on the sex toy did not rise to the level of a violation of substantive due process); *Decker v. Tinnel*, No. 2:04-CV-227, 2005 WL 3501705, at **1-2, **7-9 (N.D. Ind. Dec. 20, 2005) (finding no substantive due process claim where a male police officer, during a voluntary ride-along with an

eighteen-year-old female, asked her to strip, repeatedly tried to kiss her, forced his hand between her thighs, and groped her breasts); *Nagle v. McKernan*, No. 07 C 680, 2007 WL 2903179, at **1-2 (N.D. Ill. Sept. 28, 2007) (finding no substantive due process violation where a fire marshal allegedly appeared at a woman's place of work, gave her a love note, and, telling her that her employer had many fire violations, beckoned her to a secluded place in the office, where he leaned against the back of the woman's body and inhaled and exhaled while "intimately press[ing] his face against the back of [the woman's] head and neck."). In this case King alleges that, on one occasion, Lienemann pulled down his, King's, pants and underwear, seemingly without the use of force, and King does not claim that any similar incident has recurred. At most King has alleged a battery or, possibly, a claim of intentional infliction of emotional distress under Illinois law. However, King has not alleged a claim for a violation of his constitutional rights. Accordingly, the Court finds that King has failed to state a claim for relief for a violation of his substantive due process rights. Assuming the truth of King's allegations, the conduct by Lienemann giving rise to this case plainly was unprofessional and an abuse of his power. Nevertheless, "every official abuse of power, even if unreasonable, unjustified, or outrageous, does not rise to the level of a federal constitutional deprivation. Some such conduct may simply violate state tort law or indeed may be perfectly legal, though unseemly and reprehensible." *Kernats v. O'Sullivan*, 35 F.3d 1171, 1175 (7th Cir. 1994) (citing *Carter v. Buscher*, 973 F.2d 1328, 1332 (7th Cir. 1992)). Such is the case here. Lienemann's behavior, as alleged in King's complaint, is not especially commendable, but the Constitution is not a manual of etiquette, nor is the Court an arbiter of good taste. Because Lienemann's behavior does not shock the judicial conscience, as is required to state a substantive due process claim, King's action must be dismissed.

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that King's complaint fails to state a claim upon which relief may be granted. Therefore, this action is **DISMISSED with prejudice**. King's motion for appointment of counsel (Doc. 3) is **DENIED as moot**. King is advised by the Court that the dismissal of this case will count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: March 4, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge